IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| POL CAMACHO LOPEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BEV-HUB, LLC, )<br>)<br>Defendant )<br>_____ ) | Case: 6:21-cv-01118-EFM-GEB<br><br>**JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT

Comes now the Plaintiff, POL CAMACHO LOPEZ, by and through his counsel of record, and **for his Amended Complaint against Bev-Hub, LLC, corrects the previous Petition's misnomer in the Complaint's caption to correctly name the Defendant**, the remainder of the Complaint is unchanged and alleges as follows:

### PRELIMINARY STATEMENT OF THE CASE

1. This is a lawsuit brought by the Plaintiff, POL CAMACHO LOPEZ, who has been affected by illegal employment practices as set forth below, seeking permanent relief from unlawful employment practices related to race and national origin discrimination, retaliation, unpaid wages, and unpaid overtime during his employment with Defendant, Bev-Hub, LLC. The intentional practices committed by the Defendant violated the Kansas Act Against Discrimination, K.S.A. Chapter 44 ("KAAD"), and Title VII of the Civil Rights Act of 1964. The Defendant violated the Fair Labor Standards Act, 29 U.S.C. §201 *et seq* ("FLSA") and the Kansas Wage Payment Act, KSA 44-316 and 44-319 *et seq* ("KWPA") on the basis of failing to pay overtime and failing to pay for time worked by the Plaintiff. With the above, Plaintiff seeks equitable relief, compensatory damages, punitive damages, liquidated damages, attorney fees and costs, Pre-

Judgment and Post-Judgment as provided by law, and all other relief at law and equity to which Plaintiff is entitled.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343.

3. All preconditions to jurisdiction pursuant to 42 U.S.C. §2000e-5 have been satisfied.

   a. On or about October 30, 2020, Plaintiff filed a charge against the Defendant for employment discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") which the EEOC designated the charge as 563-2021-00332 and 563-2021-00333.

   b. On or about February 2, 2021, the EEOC mailed a right to sue letters for charge 563-2021-00332 and 563-2021-00333.

   c. This original complaint is filed within 90 days of the receipt of the EEOC right to sue letters.

   d. Plaintiff has exhausted his administrative remedies.

4. This Court also has jurisdiction over Plaintiff's claims pursuant to 28 USC §1331 and 29 USC §216(b).

5. Venue is proper in this Court under 28 USC §1391(b) because a substantial part of the events giving rise to the claims occurred in this judicial district.

## PARTIES

6. Plaintiff, POL CAMACHO LOPEZ, is a resident of Sedgwick County, Kansas.

7. Defendant, Bev-Hub, LLC (also referred herein as "Defendant"), is a Kansas for-

profit corporation organized and existing under the laws of the State of Kansas.

8. Defendant, Bev-Hub, LLC (also referred individually herein as "Bev"), may be served with process upon its resident agent at 3024 SW Wanamaker Road, Suite 300, Topeka, KS 66614.

**FACTS**

9. Plaintiff was employed with the Defendant Bev at all times material herein between April 28, 2020 until July 29, 2020.

10. Defendant employs more than 15 employees.

11. During 2020, Bev had more than $500,000 per year in gross receipts.

12. During 2020, Defendant was required to follow the FLSA on employee wages and overtime compensation.

13. Plaintiff worked for Bev in maintenance.

14. Plaintiff was paid a salary for his maintenance work during the relevant time between April 2020 and July 2020.

15. Between April 2020 through July 2020, Defendant made payments to the Plaintiff under Plaintiff's salary compensation of $56,000 per year.

16. In 2020, Plaintiff received salary payments from Bev totaling $13,569.67.

17. Plaintiff was not paid any overtime wages from Defendant for Plaintiff's work during his employment.

18. Plaintiff regularly worked more than 40 hours each week between April 28, 2020 through July 29, 2020.

19. Plaintiff frequently worked between 50 and 70 hours between April 28, 2020 through July 29, 2020.

20. From April 28, 2020 to July 29, 2020, Plaintiff's primary work duties were manual labor activities.

21. From April 28, 2020 to July 29, 2020, Plaintiff's main work duties involved physical skill and energy.

22. From April 28, 2020 to July 29, 2020, more than fifty percent of Plaintiff's work duties were similar to those performed by other manual laborers of Bev in maintenance.

23. From April 28, 2020 to July 29, 2020, Plaintiff's primary job duties were not related to running either of Defendant's business.

24. From April 28, 2020 to July 29, 2020, Plaintiff's duties with Defendant did not authorize Plaintiff to hire or fire any of Defendant's employees.

25. From April 28, 2020 to July 29, 2020, Plaintiff's duties with Defendant did not authorize Plaintiff to set any of Defendant's employee's rate of pay or set the employee's total hours of weekly work.

26. From April 28, 2020 to July 29, 2020, Plaintiff's duties with Defendant did not include Plaintiff disciplining any of Defendants' employees.

27. From April 28, 2020 to July 29, 2020, Plaintiff's duties with Defendant did not involve Plaintiff planning and controlling the Defendant's budget.

28. From April 28, 2020 to July 29, 2020, Plaintiff's duties with Defendant did not authorize Plaintiff to purchase any item.

29. From April 28, 2020 to July 29, 2020, Plaintiff's duties with Defendant did not require Plaintiff to participate in Defendant's management meetings.

30. From April 28, 2020 to July 29, 2020, Plaintiff had no authority to negotiate or bind Defendant in matters that had significant financial impact.

31. From April 28, 2020 to July 29, 2020, Plaintiff's duties with Defendant were subject to the supervision by other employees of Bev.

32. Plaintiff never received a written job description from the Defendant on Plaintiff's job or duties.

33. While performing work for Bev, management yelled at Plaintiff for the time Plaintiff spent performing work.

34. Plaintiff is Hispanic, born in Venezuela of South America.

35. Plaintiff's primary language is Spanish but Plaintiff spoke English and Spanish when he performed work at Bev.

36. Plaintiff was one of two Hispanics of Venezuela/South America origin working with Bev between April 2020 and July 2020.

37. While working at Bev, management stated Plaintiff did not know what he was doing because of Plaintiff's difficulty speaking English.

38. While working at Bev, other employees criticized and harassed Plaintiff about how Plaintiff spoke English.

39. While working at Bev, management instructed other employees to not speak Spanish to Plaintiff.

40. While working at Bev, management criticized the language translations made to Plaintiff.

41. While working at Bev, Plaintiff communicated with a co-worker about Bev's hostile work environment directed at him because of his race and national origin.

42. While working at Bev, Plaintiff's co-worker complained to management on Plaintiff's behalf about the hostile work environment directed at Plaintiff's race and origin from Venezuela.

43. Plaintiff's complaint of hostile work environment related to Bev's management treatment of Plaintiff because of his race and origin from Venezuela.

44. During 2020, all of Defendant's polices were written in English only.

45. During 2020, no part of Defendant's Employee Handbook was written in Spanish.

46. None of the health plans of the Defendant available to employees were supplied to the Plaintiff in Spanish during 2020.

47. None of Defendant's notices related to employee benefits were supplied to the Plaintiff in the Spanish language.

48. On or about July 29, 2020, Plaintiff's co-worker again complained to Bev's management related to the hostile work environment directed at Plaintiff's race and Venezuela/South America origin.

49. On July 29, 2020, after Plaintiff's co-worker complained to Bev's management, Plaintiff was informed of his termination by Bev.

## COUNT 1 – RACE AND NATIONAL ORIGIN DISCRIMINATION

50. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

51. Plaintiff's race is Hispanic and Venezuela/South America.

52. Plaintiff's national origin is from Venezuela of South America.

53. Defendant's institution of no-Spanish rules constituted discrimination against the Plaintiff because of his race and national origin.

54. Defendant Bev yelled at Plaintiff for speaking Spanish and the manner of Plaintiff speaking English as an act of discrimination towards Plaintiff.

55. Defendant discriminated against the Plaintiff based on Plaintiff's race and national origin.

56. The conditions of Plaintiff's employment were made intolerable by the Defendant.

57. Defendant's hostile actions toward Plaintiff were different than Defendant's conduct toward non-Hispanic and non-Spanish speaking employees.

58. Defendants' treatment of Plaintiff was because of his race and national origin, in violation of Title VII and KAAD.

WHEREFORE, Plaintiff prays for judgment against the Defendant for back wages, injunctive relief or front pay, compensatory damages, attorney fees, punitive damages, Pre-Judgment and Post-Judgment interest as provided by law, and all other relief at law and equity to which he is entitled.

## COUNT 2 – RETALIATION

59. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

60. Plaintiff engaged in activity protected by Title VII and KAAD, mainly that he communicated to management through an interpreting co-worker about the discriminatory practices and other ill treatment that Plaintiff reasonably felt was directed at him while working at Bev because of his race and national origin.

61. Plaintiff's complaints of discrimination were made in good faith.

62. Defendant Bev terminated Plaintiff after Plaintiff's co-worker communicated Plaintiff's complaint of the hostile discriminatory conduct directed at Plaintiff at work.

63. After engaging in activity protected by Title VII and Kansas Acts Against Discrimination, Plaintiff experienced adverse job action against her, that involved continued hostility and termination.

64. The adverse job actions Plaintiff experienced were not wholly unrelated to his protected activities.

65. Defendant retaliated against Plaintiff for engaging in activity protected by Title VII and the Kansas Acts Against Discrimination.

66. As a result of Defendant's actions, Plaintiff sustained economic damages, including but not limited to, lost wages for past and future earnings and benefits, and suffered, still suffers, and will continue to suffer for some time, from mental anguish, nervous shock, all as part of his damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for back wages, injunctive relief or front pay, compensatory damages, attorney fees, punitive damages, Pre-Judgment and Post-Judgment interest as provided by law, and all other relief at law and equity to which he is entitled.

## COUNT 3 – VIOLATION OF FLSA AND KWPA

67. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

68. During 2020, Defendant was considered an "employer" within the meaning of the FLSA and KWPA.

69. At all times related to Plaintiff's claims, Defendant was subject to the FLSA and KWPA.

70. In 2020, Defendant improperly classified Plaintiff as exempt from overtime wages.

71. Defendant did not pay Plaintiff any overtime, in the amount of Plaintiff's hourly wage plus half of the hourly wage, for the time Plaintiff worked beyond 40 hours in a workweek.

72. Although Plaintiff was paid a salary, Plaintiff was entitled to overtime payment on any work performed for Bev beyond 40 hours per week.

73. For any travel performed by Plaintiff while working for Bev, Plaintiff was entitled to payment of hourly wages.

74. Plaintiff was entitled to wages for any work which benefited Defendant.

75. Defendant failed to fully pay Plaintiff wages for all work Plaintiff performed.

76. Defendant's misclassification of Plaintiff as exempt from overtime wages violated the FLSA and the KWPA.

77. Defendant violated the FLSA and KWPA by failing to pay Plaintiff overtime compensation.

78. Defendant violated the FLSA and KWPA by failing to pay Plaintiff wages for all time worked.

79. Because of Defendant's knowledge of requirements under the FLSA, Defendant's violation of FLSA and KWPA was willful.

80. Plaintiff has been damaged by Defendant's illegal employment conduct under the FLSA and KWPA.

WHEREFORE, Plaintiff prays for judgment against the Defendant for unpaid compensation, for damages/penalty permitted under the KWPA, for damages under the FLSA, liquidated damages, penalties, attorney fees, expenses, Pre-Judgment and Post-Judgment interest as provided by law, and all other relief at law and equity to which he is entitled.

        Respectfully submitted,

        By: /s/Trinidad Galdean  .
           Trinidad Galdean #22973

           GALDEAN, LLC
           PO Box 780076
           Wichita, KS 67278
           (316) 252-1232 Phone
           (316) 462-0987 Fax
           trinidad@galdean.com
           *Attorney for Plaintiff*

## JURY DEMAND

COMES NOW, the Plaintiff and requests a jury in this cause of action.

        Respectfully submitted,

        By: /s/Trinidad Galdean  .
           Trinidad Galdean #22973
           *Attorney for Plaintiff*

## DESIGNATION OF PLACE OF TRIAL

  COMES NOW, the Plaintiff and designates Wichita, Kansas as the place of the trial for this action.

        Respectfully submitted,

        By: /s/Trinidad Galdean  .
           Trinidad Galdean #22973
           *Attorney for Plaintiff*